CHARLES A. HANSEN
chansen@wendel.com
CARL D. CIOCHON
cciochon@wendel.com
BRUCE S. FLUSHMAN
bflushman@wendel.com
WENDEL, ROSEN, BLACK & DEAN LLP
1111 Broadway, 24th Floor
Oakland, California  94607-4036
Telephone:  (510) 834-6600
Fax:  (510) 834-1928

Attorneys for Plaintiff
Highland Fifth-Orange Partners, LLC

KIM SMACZNIAK
kim.smaczniak@usdoj.gov
Trial Attorney
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 514-0165 (telephone)
(202) 514-8865 (facsimile)

HENRY T. MILLER
Henry.Miller@USDOJ.Gov
Senior Trial Counsel
Civil Division, Torts Branch
United States Department of Justice
1331 Pennsylvania Ave., NW, Suite 800-S
Washington, D.C. 20004
(202) 616-4223

Attorneys for Defendants
United States of America, U.S. Dept. of Interior, Bureau of Land Management.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIGHLAND FIFTH-ORANGE PARTNERS, LLC, a California Limited Liability Company,<br><br>         Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA and U.S. DEPT. OF INTERIOR, B.L.M.<br><br>         Defendants. | Case No. 8:12-cv-01070-PL-PLA |

CONSENT DECREE

This Consent Decree is made, as of the Effective Date of this Consent Decree as defined in Paragraph 4 below, between Highland Fifth-Orange Partners, LLC ("HFO") and the United States of America ("United States"), collectively referred to as "the Parties" as defined herein.

WHEREAS, HFO filed suit against the United States and the United States Department of Interior Bureau of Land Management ("BLM") pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601-9675, as amended (hereinafter "CERCLA"), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., and the Resource Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. § 6701 et seq, seeking, inter alia, to recover certain costs it incurred in response to the release or threatened release of hazardous substances at the Site (as defined further below), in the matter of Highland Fifth-Orange, LLC v. United States of America, No. 8:12-cv-01070 (C.D. Cal.);

WHEREAS, the Parties desire to enter into this  Consent Decree to have a full and final resolution of any and all claims that were asserted in the aforementioned suit, or could now or hereafter be asserted against the United States in connection with the Site, and to avoid the complication and expense of litigating such claims;

WHEREAS, HFO has entered into an agreement with the California Department of Toxic Substances Control ("DTSC") under the California Land Reuse and Revitalization Act of 2004 for the purpose of completing an assessment and remediation of the Site.

WHEREAS, the Parties agree that this Consent Decree is fair, reasonable and in the public interest; and

WHEREAS, the United States and HFO enter into this Consent Decree as a final settlement of all claims in connection with the Site and do not admit any liability arising from occurrences or transactions pertaining to the Site;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the parties, it is hereby ordered, adjudged and decreed that:

1.      The Parties.  The Parties to this Consent Decree are HFO and the United States.

2.  <u>Jurisdiction</u>.   This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, and 42 U.S.C. §§ 9607 and 9613(b).  Solely for the purposes of this Consent Decree, the Parties waive any and all objections and defenses that they may have to jurisdiction of the Court and to venue in this District.  The Parties shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

3.  <u>Application of this Consent Decree</u>.  This Consent Decree applies to, is binding upon, and inures to the benefit of HFO (and its successors, assigns, and designees) and the United States (and its assigns and designees).  Notwithstanding the foregoing, this Consent Decree does not extend to or inure to the benefit of any party, person, or entity other than HFO and the United States, and nothing in this Consent Decree shall be construed to make any other party, person, or entity a third-party beneficiary of this Consent Decree.  Furthermore, nothing in this Consent Decree is intended to be, nor shall be construed as, a waiver, release, or covenant not to sue for any claim or cause of action, administrative or judicial, in law or in equity, that the United States or HFO may have against any person, firm, partnership, trust, corporation or any other entity that is not a party to this Consent Decree.

4.  <u>Definitions</u>.  Unless expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations.  For the terms listed below, the following definitions shall apply solely for the purposes of this Consent Decree:

<u>CLRRA Agreement</u>. "CLRRA Agreement" means the agreement dated February 11, 2011 between DTSC and HFO under the California Land Reuse and Revitalization Act of 2004 relating to the Site.

<u>Contamination</u>.  "Contamination" means any hazardous substance within the meaning of section 101(14) of CERCLA, 42 U.S.C. § 9601(14),  hazardous waste or solid waste within the meaning of section 1004 of the Solid Waste Disposal Act, 42 U.S.C. §§ 6903(5) and 6903 (27) including, but not limited to, the presence of lead shot, lead, arsenic, antimony, and nickel.

<u>Cost Statement</u>: "Cost Statement" means a statement documenting Response Costs incurred by HFO to which is attached reasonably sufficient documentation to allow verification of

the accuracy of the Response Costs claimed, that such Response Costs were properly incurred and consistent with Section 107(a)(4)(B) of CERCLA, 42 U.S.C. §9607(a)(4)(B), and that such Response Costs included in the statement were actually paid.  A Cost Statement shall be in substantially the form of and contain supporting documents such as are included in Exhibit A hereto.

Covered Matters.  "Covered Matters" means any and all past or future claims that have been, could now be, or hereafter could be asserted by HFO against the United States arising out of or in connection with Contamination at the Site.

DTSC.  "DTSC" means the California Department of Toxic Substances and Control.

DTSC Oversight Costs.  "DTSC Oversight Costs" means costs incurred by HFO for DTSC's oversight of work conducted under the CLRRA Agreement, as set forth in section 6.2 of the CLRRA Agreement.

Effective Date.  "Effective date" shall mean the date upon which this Consent Decree is entered by the Court as recorded on the Court docket, or, if the Court instead issues an order approving the Consent Decree, the date such order is recorded on the Court docket.

HFO.  "HFO" means Highland Fifth-Orange Partners, LLC, a California limited liability company.

Future Response Costs. "Future Response Costs" means any Response Costs incurred by HFO after February 5, 2013.  Future Response Costs may include the costs to develop and implement a "Site Assessment Plan" (as defined in section 5.2 of the CLRRA Agreement) and a "Response Plan" (as defined in section 5.3 of the CLRRA Agreement) and DTSC Oversight Costs, to the extent those costs are necessary and consistent with the National Contingency Plan.

Past Response Costs.  "Past Response Costs" means any Response Costs incurred by HFO on or before February 5, 2013.

Response Costs.  "Response Costs" means the necessary costs of response within the meaning of section 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(4)(B), incurred by HFO to investigate, clean up, or otherwise investigate Contamination at the Site.  Save as authorized or provided in case law, attorneys' fees or litigation-related costs may not be claimed as Response

1   Costs.

2       The Site.  The "Site" means the parcel of property described in the Complaint in Highland

3   Fifth-Orange, LLC v. United States of America, No. 8:12-cv-01070 (C.D. Cal.), with a legal

4   description as follows:

5       THAT PORTION OF THE WEST ½ OF THE SOUTHEAST ¼ OF SECTION 3,

6   TOWNSHIP 1 SOUTH RANGE 3 WEST, SAN BERNARDINO BASE AND MERIDIAN, IN

7   THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, LYING SOUTH OF

8   THE FOLLOWING DESCRIBED LINE:

9       COMMENCING AT A POINT NORTH 0º 6' EAST 734 FEET FRIM THE SOUTH ¼

10  CORNER OF SAID SECTION, BEING THE TRUE POINT OF BEGINNING OF SAID LINE;

11  THENCE NORTH 88º 23' EAST A DISTANCE OF 1119.95 FEET; THENCE NORTH 89 º 47

12  EAST, A DISTANCE OF 1521.35 FEET TO A POINT ON THE EAST LINE OF SAID

13  SECTION, SAID POINT BEING 785.3 FEET NORTH OF THE SOUTHEAST CORNER OF

14  SAID SECTION.

15      United States.  "United States" means the United States of America and all of its

16  departments, agencies, components, and instrumentalities, including, without limitation, BLM.

17      5.    Release and Covenant Not To Sue by HFO.  As of the Effective Date of this

18  Consent Decree, HFO hereby forever releases, discharges, and covenants and agrees not to assert

19  (by way of the commencement of an action, the joinder of the United States in an existing action

20  or in any other fashion) any and all claims, causes of action, suits or demands of any kind

21  whatsoever in law or in equity which it may have had, or hereafter have, including, but not

22  limited to, claims under CERCLA sections 107 and 113, the Federal Tort Claims Act, and the

23  Resource Conservation and Recovery Act of 1976 against the United States arising out of or in

24  connection with Contamination at the Site.

25      6.    Indemnification by HFO.  HFO further agrees to indemnify and hold harmless the

26  United States against any and all past or future claims asserted against the United States by any

27  other entity arising out of or in connection with Contamination at the Site provided that this

28  indemnification and hold harmless shall immediately terminate and be null and void upon

1    notification to the United States that HFO has received a certificate of completion from DTSC as

2    provided in the California Land Reuse and Revitalization Act of 2004 (Cal. Health & Safety Code

3    section 25395.97) and in its agreement with DTSC.

4            7.     Protection Against Claims.

5            a.     The Parties acknowledge and agree that the payment to be made by the United

6    States pursuant to this Consent Decree represents a good faith compromise of disputed claims and

7    that the compromise represents a fair, reasonable, and equitable resolution of HFO's claims

8    regarding Covered Matters.  With regard to any Covered Matters, the Parties agree that the United

9    States is entitled to, as of the effective date of this Consent Decree, contribution protection

10   pursuant to section 113(f) of CERCLA, 42 U.S.C. § 9613(f), the Uniform Comparative Fault Act,

11   and any other applicable provision of federal or state law, whether by statute or common law,

12   extinguishing the United States' liability to persons not party to this Consent Decree.  Any rights

13   the United States may have to obtain contribution or otherwise recover costs or damages from

14   persons not party to this Consent Decree are preserved.

15          8.     Payment of Past Response Costs.

16          a.     Within a reasonable time after the Effective Date of this Consent Decree,

17   the United States will pay $128,577.30 to HFO as reimbursement for HFO's Past Response

18   Costs.  Payment of the Past Response Costs shall be made by Electronic Funds Transfer in

19   accordance with instructions provided by HFO.

20          b.     If such payment is not made in full within ninety (90) days after either the

21   Effective Date of this Consent Decree, or the date upon which HFO provides the United States

22   with payment instructions, whichever is later, then interest on the unpaid balance of the Past

23   Response Costs shall be paid commencing on the 91st day after such later date.  Interest shall

24   accrue at the rate specified for interest on investments of the Hazardous Substance Superfund

25   established under subchapter A of chapter 98 of Title 26 of the United States Code.

26          9.     Payment of Future Response Costs; Initial Payment.

27          a.     The parties agree that the United States shall pay 90 percent and HFO shall

28   pay 10 percent of Future Response Costs.

b.      Within a reasonable time after the Effective Date of this Consent Decree, the United States will pay $720,000 to HFO as an initial payment of HFO's Future Response Costs (the "Initial Payment").  The Initial Payment constitutes the United States' payment of 90 percent of the first $800,000 of HFO's Future Response Costs.  The Initial Payment shall be made by Electronic Funds Transfer in accordance with instructions provided by HFO.  The parties agree that Future Response Costs are expected to reach the amount of the Initial Payment, and are likely to exceed that amount.

c.      If the Initial Payment is not made in full within ninety (90) days after either the Effective Date of this Consent Decree, or the date upon which HFO provides the United States with payment instructions, whichever is later, then interest on the unpaid balance of the Initial Payment shall be paid commencing on the 91st day after such later date.  Interest shall accrue at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the United States Code.

d.      Beginning the first day of the month commencing the second month after HFO first incurs Future Response Costs and every two months thereafter until HFO has incurred a total of at least $800,000 in Future Response Costs, HFO shall submit a Cost Statement.  HFO shall also submit with the Cost Statement a summary that contains the following:  the total of all Future Response Costs previously submitted by Cost Statement, the total of Future Response Costs that have not been objected to by the United States, and the amount of Future Response Costs remaining to be incurred by HFO in order to reach a total of $800,000 in Future Response Costs ($800,000 less the Future Response Costs to which the United States has not objected) ("Summary Response Cost Statement").   HFO shall continue to submit Cost Statements and Summary Response Cost Statements under this sub-paragraph until the total of the Future Response Costs to which the United States has not objected, as documented by the last Summary Response Cost Statement submitted to the United States, is equal to or greater than $800,000.

10.    Payment of Future Response Costs After the Initial Payment

a.      After HFO has incurred a total of $800,000 in Future Response Costs to which the United States has not objected (including Future Response Costs where any objection by the

- 6 -

1   United States has been resolved through informal negotiation, non-binding mediation, or by a

2   final, non-appealable decision of the Court) ("Initial Payment Limit"), the United States shall pay

3   90 percent and HFO shall pay 10 percent of the Future Response Costs beyond the Initial

4   Payment Limit.

5         b.     Starting the month in which HFO incurs Future Response Costs beyond the Initial

6   Payment Limit ("Post-Initial Payment Limit"), HFO shall submit a Cost Statement to the United

7   States every six (6) months thereafter, billing for the preceding six (6) months of Future Response

8   Costs incurred beyond the Initial Payment Limit.

9         c.     If the United States does not object to the Post-Initial Payment Limit Cost

10   Statement or Future Response Costs contained therein as provided in Subparagraph 11(a) of this

11   Consent Decree, the Future Response Costs contained in the Post-Initial Payment Limit Cost

12   Statement shall be deemed approved for payment of the United States' 90% share.  In that event,

13   payment will be due to HFO within sixty (60) days of receipt of a Cost Statement from HFO.

14         11.  Objections to Response Costs; Dispute Resolution.

15         a.     The United States may, in good faith, object in writing to a Cost Statement

16   or the Response Costs contained therein within thirty (30) days of receipt of the Cost Statement.

17   Any such written objection shall identify the contested Cost Statement or the Response Costs

18   objected to and the specific basis for the objection, and shall be transmitted to HFO.  In the event

19   of an objection to a Post-Initial Payment Cost Statement, the United States shall, within thirty

20   (30) days of transmitting the written objection, reimburse HFO for the United States' share of any

21   uncontested Cost Statement or uncontested Response Costs that are identified on a Post-Initial

22   Payment Cost Statement.  If such payment for an uncontested Post-Initial Payment Cost

23   Statement or uncontested Response Costs contained therein is not made in full within thirty (30)

24   days after expiration of the thirty (30) day review period, then interest on the unpaid balance for

25   uncontested Response Costs shall accrue at the rate specified for interest on investments of the

26   Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the

27   United States Code.

28         b.     In the event the United States objects to any Cost Statement or Future

Response Costs contained therein, HFO and the United States agree to participate in informal negotiations to resolve the dispute.  The period for informal negotiations shall be forty-five (45) days from the date the United States transmits as provided herein its written objection, and may be extended upon the mutual consent of HFO and the United States.  If informal negotiations are unsuccessful, HFO and the United States may agree to non-binding mediation to resolve the matter.  The reasonable costs and expenses of mediation shall be borne equally by the Parties and each Party shall bear its own attorneys' fees, expert fees, and other costs of its participation in such mediation.  In the event that the dispute cannot be resolved by informal negotiations or non-binding mediation, either Party may submit the dispute to the Court for resolution by filing a motion with the Court no later than fourteen (14) days after either (1) termination of the informal negotiation period or (2) conclusion of the non-binding mediation.  The motion shall include a mutually agreed description of the matter in dispute and the efforts made by the Parties to resolve it, and separate submissions by the Parties explaining and supporting by admissible evidence the relief requested.

c.      If the Court, through the dispute resolution process outlined in Sub-Paragraph 11(b) of this Consent Decree, issues a final determination that the United States owes all or a portion of the contested Post-Initial Payment Limit Cost Statement or Response Costs contained therein, then the United States shall, as soon as such determination becomes final and non-appealable, pay the amount of the contested Post-Initial Payment Limit Cost Statement or Response Cost contained therein determined to be owing and shall pay interest on the unpaid balance of such contested Cost Statement or Response Cost from the date the Cost Statement or Response Cost was due to HFO but for the written objection, and interest shall continue to accrue on the unpaid balance until paid in full.  Such interest shall accrue at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the United States Code.

12.      Subject to Anti-Deficiency Act.  All payments to be made by the United States under this Consent Decree are subject to the availability of funds appropriated for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or

1   requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency

2   Act, 31 U.S.C. § 1341, or any other applicable provision of law.

3          13.    Covenant Not to Sue by the United States and Reservation.  The United States

4   hereby releases and covenants not to sue HFO for Covered Matters, except that the United States

5   of America specifically reserves its right to assert against HFO any claims or actions regarding

6   the Site brought on behalf of the United States Environmental Protection Agency or a natural

7   resource trustee.  Nothing in this Consent Decree shall constitute or be construed as a waiver,

8   limitation, or release of any claims or causes of action by the United States to enforce any federal

9   laws or regulations in connection with the Site.

10         14.    Effect of Entry of Consent Decree.

11         a.     This Consent Decree was negotiated and executed by HFO and the United States

12  in good faith and at arm's length and is a fair and equitable compromise of claims, which were

13  vigorously contested.  This Consent Decree shall not constitute or be construed as an admission

14  of liability by the United States or HFO.  Nor is it an admission or denial of any factual

15  allegations or an admission of violation of any law, rule, regulation, or policy by any of the

16  Parties to this Consent Decree.

17         b.     Upon the Effective Date, this Consent Decree shall constitute a final judgment

18  between HFO and the United States.

19         15.    HFO's Certification As to Recovery of Past and Future Response Costs. HFO

20  certifies, based on its knowledge and belief and subject to the penalties of the False Claims Act,

21  31 U.S.C. § 3729 et seq., and other applicable law, that as of the Effective Date of this Consent

22  Decree, HFO has not been reimbursed for any Response Costs relating to the Site, aside from any

23  reimbursement provided by the settlement agreement between Enviro Compliance Solutions and

24  HFO relating to the Site.  HFO shall not seek or accept reimbursement or payment of any Past or

25  Future Response Costs in connection with any existing or future federal government contracts,

26  grants or other agreements.

27         16.    No Admission of Liability.  The United States and HFO agree that this Consent

28  Decree, including any payments made pursuant to it and the negotiations and other

1   communications related to it, is entered into without any admission of liability for any purpose as

2   to any matter arising out of the transactions or occurrences related to this Consent Decree or

3   alleged in <u>Highland Fifth-Orange, LLC v. United States of America</u>, No. 8:12-cv-01070 (C.D.

4   Cal.).

5           17.    <u>No Use As Evidence</u>.  This Consent Decree represents the compromise of disputed

6   claims and nothing in this Consent Decree is intended to be, or shall be construed as, an

7   admission or resolution of any question of fact or law with respect to any liability or

8   responsibility for the Site.  This Consent Decree shall not be admissible in any proceeding other

9   than in (1) an action where the United States seeks to demonstrate that it is entitled to contribution

10  protection pursuant to Paragraph 7 of this Consent Decree or (2) dispute resolution pursuant to

11  Paragraph 11(b) of this Consent Decree.

12          18.    <u>Conflicts of Law</u>.  This Consent Decree shall be governed and construed under the

13  laws of the United States.

14          19.    <u>Severability</u>.  If any provision of this Consent Decree is deemed invalid or

15  unenforceable, the balance of this Consent Decree shall remain in full force and effect.

16          20.    <u>Headings</u>.  Any paragraph headings or section titles to this Consent Decree are

17  provided solely as a matter of convenience and shall not be construed to alter the meaning of any

18  paragraph or provision of this Consent Decree.

19          21.    <u>Original Counterparts</u>.  This Consent Decree may be executed in any number of

20  original counterparts, each of which shall be deemed to constitute one agreement.  The execution

21  of one counterpart by any party shall have the same force and effect as if that party had signed all

22  other counterparts.

23          22.    <u>Integration Provision</u>.  This Consent Decree constitutes the entire Consent Decree

24  between HFO and the United States with respect to matters covered herein.  All prior discussions,

25  drafts and writings are specifically superseded by this Consent Decree and may not be used to

26  vary or contest the terms of this Consent Decree.

27          23.    <u>Notice</u>.  Whenever, under the terms of the Consent Decree, written notice is

28  required to be given or a report or other document is required to be sent by one Party to another, it

shall be directed to the individuals at the addresses specified below, unless those individuals or

their successors give notice of a change to the other Parties in writing.  Written notice may be sent

by overnight courier or by e-mail.

HFO:

      Hal Woods
      hal@centerstone.com
      Donna Denny
      ddenny@centerstone.com
      3500B West Lake Center Drive
      Santa Ana, CA 92704

With a copy to:

      Carl D. Ciochon
      Cciochon@wendel.com
      Wendel Rosen Black & Dean
      1111 Broadway, 24th Floor
      Oakland, CA  94607-2047

United States:

      Kim Smaczniak
      kim.smaczniak@usdoj.gov
      United States Department of Justice
      Environmental and Natural Resources Division
      Environmental Defense Section
      Post Office Box 7611
      Washington, D.C. 20044

      Overnight mail address:
      601 D Street, NW, Suite 8000
      Washington, D.C. 20004

With a copy to:

      John Kalish
      jkalish@blm.gov
      Field Manager
      South Coast Field Office
      Bureau of Land Management
      United States Department of the Interior
      1201 Bird Center Drive
      Palm Springs, California 92262

      Clementine Josephson
      clementine.josephson@sol.doi.gov
      Deputy Regional Solicitor
      Office of the Solicitor

United States Department of the Interior
2800 Cottage Way, Suite E-1712
Sacramento, California 95852

24.     Representative Authority.  The individuals signing this Consent Decree on behalf of the United States and HFO hereby certify that each is authorized to bind legally his or her respective party to this Consent Decree.  Any change in ownership, corporate or other legal status of any party to this Consent Decree, including, but not limited to, transfer of assets or real or personal property, shall in no way alter the status of responsibilities of any of the Parties under this Consent Decree.

25.     Modification.  Material modifications to this Consent Decree shall be in writing, signed by the United States and HFO, and shall be effective upon approval by the Court.  If the parties mutually agree, in writing, that a modification is non-material, such non-material modifications shall be in writing and shall be effective when signed by duly authorized representatives of the United States and Plaintiffs.

**IT IS SO ORDERED.**

The Clerk shall enter final judgment in accordance with the terms of this Consent Decree, SIGNED and ENTERED this 21st day of April 2013.

_____
The Honorable Percy Anderson
UNITED STATES DISTRICT JUDGE

- 12 -

For HFO:

HIGHLAND FIFTH-ORANGE PARTNERS, LLC,
a California Limited Liability Company

Date: 4/2/13

By: _____

      Harold G. Woods, Jr., its Manager

Date: _____

_____

- 13 -

1

2    For the United States:

3
                                                IGNACIA S. MORENO
4                                               Assistant Attorney General
                                                Environment and Natural Resources Division
5

6    Date: 4/1/13

7

8                                               Kim Smaczniak
                                                Trial Attorney
9                                               United States Department of Justice
                                                Environment and Natural Resources Division
10                                              Environmental Defense Section
                                                P.O. Box 7611
11                                              Washington D.C. 20004

12

13   Date:

14

15                                              Henry Miller
                                                Civil Division, Torts Branch
16                                              P.O. Box 340, Ben Franklin Station
                                                Washington, DC 20044
17

18

19

20

21

22

23

24

25

26

27

28

                                     - 14 -